UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>COLETTE CLAIRE SAVAGE,<br><br>    Debtor,<br>_____<br><br>Colette Claire Savage,<br><br>    Appellant,<br><br>    v.<br><br>Mark Savage,<br><br>    Appellee. | Case No. 1:20-cv-00120-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

In June 2020, the Court entered a decision dismissing this bankruptcy appeal. The appeal had become moot because a few months after Ms. Savage filed the appeal because the bankruptcy court dismissed her bankruptcy case. As the Court explained in its earlier order, "[e]ven if Ms. Savage prevails on appeal, there is no remaining bankruptcy case and, therefore, no continued right to an automatic stay." *June 22, 2020 Order*, Dkt. 19, at 3. Ms. Savage did not appeal this Court's order to the Ninth Circuit. Instead, she has filed two additional post-judgment

MEMORANDUM DECISION AND ORDER - 1

motions in this Court. *See* Dkts. 21, 23. The pro se filings are lengthy and cover various topics, but the gist is that Ms. Savage remains unhappy with the bankruptcy court's decision. She is also unhappy with the fact that a district court, rather than the Ninth Circuit's Bankruptcy Appellate Panel, decided this appeal. *See, e.g., Motion captioned "Reconsideration Fraud Creditor Claim,"* Dkt. 21, at 6 ("Knowing I endured great prejudice why did this court not transfer my case back to the Bankruptcy Appellate board.")

## DISCUSSION

The Court will deny both pending motions because Ms. Savage has not identified any authority which would warrant altering or amending the judgment. Otherwise, as the Court explained earlier, a district court has no authority to transfer an appeal to a Bankruptcy Appellate Panel if either side timely elects to have the matter heard in district court. *See* 28 U.S.C. § 158(c)(1)(B); *see also* Fed. R. Bankr. P. 8005; Dist. Idaho L. Bank. R. 8001.1(c)(2) ("Upon timely receipt of a written objection to an appeal being heard and determined by the BAP, jurisdiction over the appeal shall be immediately transferred to the district court").

## ORDER

IT IS ORDERED that:

(1)  Appellant Colette Claire Savage's Motion for "Reconsideration Fraud Creditor Claim", filed on July 21, 2020 (Dkt. 21) is **DENIED**.

(2) Appellant Colette Claire Savage's Motion for "Reconsideration Fraud Creditor Claim", filed on July 24, 2020 (Dkt. 23) is DENIED.

(3) No further filings will be entertained in this closed appeal.

DATED: October 27, 2020

B. Lynn Winmill
U.S. District Court Judge